UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO WALKER,<br>*ISR16-11-0061*,<br><br>    Petitioner,<br><br>  v.<br><br>DUSHAN ZATECKY,<br><br>    Respondent. | No. 1:17-cv-00568-JMS-MPB |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Antonio Walker has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. ISR 16-11-0061, Walker was found guilty of violating prison rules at the Pendleton Correctional Facility, an Indiana prison, by committing theft of state property. The evidence favorable to the decision of the hearing officer is that on November 17, 2016, Walker was handed a conduct report to sign by Officer Napper. Walker was instructed to acknowledge (sign) the conduct report, keep a copy and return the signed original to Officer Napper. Instead of doing so, Walker retained the original of the conduct report and Officer Napper left Walker's cell without the conduct report after Walker had distracted her. Officer Napper

returned to Walker's cell a short while later, but was unable to locate and recover the conduct report.

A hearing on the charge was conducted on December 12, 2016. Walker was present at the hearing and stated that he had signed the conduct report and returned it to Officer Napper. After considering Walker's statement and the other evidence, the hearing officer found Walker guilty of the charged misconduct and sanctions were imposed. This action was filed after Walker's administrative appeal was rejected.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Walker received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Walker was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were

imposed. Walker complains of not receiving a timely response to his administrative appeals, but nothing in *Wolff* or its progeny even require an administrative appeal or a response within a specified time.

Walker's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. He has not argued otherwise. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Walker to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 7/5/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

ANTONIO WALKER
966776
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only